Lee F. Bantle (LB-7036)
BANTLE & LEVY LLP
817 Broadway
New York, New York 10003
(212) 228-9666

David M. Pohl (DP-8609)
POHL LLP
275 Madison Avenue, 14th Floor
New York, New York 10016
(212) 202-1614

Sally Friedman (SBF-3344)
Paul N. Samuels (PNS-9531)
LEGAL ACTION CENTER
225 Varick Street, 4th Floor
New York, New York 10014
(212) 243-1313

*Attorneys for Plaintiff*



CV10- 4178

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ SEP 13 2010 ★
BROOKLYN OFFICE

KORMAN, J.

REYES, M.J

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

JOHN DOE,

                Plaintiff,

- against -

AMERICAN AIRLINES, INC.,

                Defendant.

-----------------------------------------------------------------x

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**ECF CASE**

Plaintiff John Doe ("Plaintiff"), by and through his attorneys, Bantle & Levy LLP, Pohl LLP and the Legal Action Center, as and for his Complaint, respectfully alleges as follows:

## NATURE OF ACTION

1. This is an action for employment discrimination based on disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, New York State Human Rights Law ("NYSHRL"), New York Executive Law ("N.Y. Exec. Law") § 296 *et seq.*, and New York City Human Rights Law ("NYCHRL"), New York City Administrative Code ("Admin. Code") § 8-101 *et seq.* Plaintiff suffered an adverse employment action because of his HIV-positive status and as a result of medical inquiries and examinations prohibited by the ADA, NYSHRL and NYCHRL. Plaintiff also asserts a claim under New York Public Health Law ("NYPHL") §§ 2782 and 2783, which prohibited Defendant from compelling disclosure of Plaintiff's HIV-positive status. Plaintiff seeks declaratory relief and damages.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the ADA claims pursuant to 42 U.S.C. § 12101 *et seq.*, 28 U.S.C. §§ 1331 and 1343(a)(3) and (4). This Court has jurisdiction over the state and city claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part of the unlawful acts and discriminatory practices alleged herein were committed within the district of the United States District Court, Eastern District of New York.

4. All conditions precedent to jurisdiction under § 107 of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706 of Title VII, 42 U.S.C. §2000e-5, have been complied with:

    a.    A charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the adverse actions of which plaintiff complains in this action.

    b.    Following an investigation, the EEOC found "reasonable cause" to believe that Defendant discriminated against Plaintiff in violation of the ADA. The EEOC Determination is attached hereto as **Exhibit A.**

    c.    A notification of right to sue was issued by the EEOC. This notification is attached hereto as **Exhibit B**.

    d.    This complaint has been filed within 90 days of receipt of the EEOC's notification of right to sue.

## PARTIES

5. Plaintiff is an individual who resides in New York, New York.

6. Defendant American Airlines, Inc. ("American" or the "Company") is a New York Foreign Business Corporation, formed and organized under the laws of Delaware, with a place of business at 1 JFK Airport, Jamaica, NY 11430.

7. At all times relevant to this complaint, American has been an employer engaged in industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A) and (7).

8. American is also a person and an employer within the meaning of N.Y. Exec. Law §§ 292(1) and (5) and Admin. Code §§ 8-102(1) and (5), as well as a person within the meaning of NYPHL § 2780(11).

## STATEMENT OF FACTS

9. Plaintiff is a HIV-positive man.

10. Plaintiff is a person with a disability under the ADA, NYCHRL and NYSHRL.

11. Plaintiff was employed by American as a flight attendant from 2000 to 2003.

12. In July 2003, Plaintiff was laid off pursuant to a reduction in workforce.

13. On September 27, 2004, Plaintiff received a recall notice from American and was extended "an offer of re-employment" as a flight attendant.

14. The offer, however, was conditioned upon Plaintiff completing a medical exam as well as a fingerprint-based criminal history check.

15. Notwithstanding the ADA's mandate that employers defer any medical component of the hiring process until all non-medical components are completed, American scheduled Plaintiff's medical exam to occur on the same day he was to be fingerprinted.

16. Plaintiff is and was concerned for his privacy and sought to preserve the medical confidentiality of his health status.

17. Moreover, Plaintiff had been advised by his doctor and believed that neither his medical condition nor his medications in any way affected his ability to perform the functions – whether essential or otherwise – of the position of flight attendant.

18. Accordingly, Plaintiff did not reveal his HIV-positive status in the Pre-Employment Medical History Form, nor did he list any medications he then took for his condition. (Plaintiff did not list any medications at all.)

19. Plaintiff's medical examination occurred subsequently on October 26, 2004. On this day, he was also required to provide fingerprints to enable American's criminal history check.

20. During the medical examination, Plaintiff did not disclose his HIV-positive status.

21. As Plaintiff had yet to pass through all non-medical components of the hiring process, he could not have been under any duty to disclose his personal medical information.

22. Plaintiff had yet to receive a "real" job offer prior to the medical examination.

23. Moreover, NYPHL §§ 2782 and 2783 prohibited American from compelling Plaintiff to authorize the release of information pertaining to his HIV-positive status. Accordingly, American was not entitled to this information.

24. As part of the examination, Plaintiff underwent a blood test including a complete blood count ("CBC"), the results of which indicated three abnormal levels.

25. By letter dated October 27, 2004, American informed Plaintiff that the Company was unable to determine Plaintiff's qualification for the position and requested from Plaintiff's physician "a repeat CBC and evaluation of the results, explaining why each parameter of the test is abnormal."

26. This letter concluded by stating that failure to provide the requested information would result in Plaintiff's application "being closed."

27. By letter dated November 24, 2004, Plaintiff's physician informed American that Plaintiff was "medically clear for employment" and that the parameters in his blood test were elevated "as a result of a medication he uses."

28. Notwithstanding that this letter from Plaintiff's physician demonstrated to American that Plaintiff was, in fact, taking a medication at the time he completed the Pre-Employment Medical History Form (on which Plaintiff did not disclose any medications), American did not take any adverse employment action against Plaintiff at this time. Rather, American sought to determine *which* medical condition required the medication.

29. Indeed, by letter dated November 24, 2004, American acknowledged receipt of the letter from Plaintiff's physician and requested from Plaintiff a list of all medications he was taking, as well as "the diagnosis and current status of the condition requiring the medications."

30. By letter dated December 17, 2004, Plaintiff's physician informed American of Plaintiff's HIV status and stated that Plaintiff has "attained complete viral suppression" and "is in excellent health and there are no restrictions on his employment." This letter concluded by stating that Plaintiff "has no contagious diseases and would not be expected to pose a risk to the general public when employed in the airline industry."

31. By letter dated January 21, 2005, American notified Plaintiff that he had been "terminated from employment with American Airlines" because American's "investigation" determined that Plaintiff "misrepresented the facts and falsified medical information" on the Pre-Employment Medical History Form.

32. This reason was pretextual.

33. Indeed, American learned *on November 24, 2004* (when Plaintiff's physician informed American that Plaintiff was using a medication) that, at the time Plaintiff completed the Pre-Employment Medical History Form, he did not list a medication he was then taking. Yet, American did not close Plaintiff's application on November 24, but rather sought to identify *which* condition required the medication. Only upon learning the condition to be HIV did American take an adverse employment action.

34. Thus, Plaintiff's HIV status was a motivating factor in the adverse employment action.

35. To the extent Plaintiff was, in fact, terminated for declining to disclose his HIV-positive status during the medical examination, Defendant's act of penalizing Plaintiff for this non-disclosure was improper because, at the time Plaintiff declined to disclose, he had yet to receive a "real," or bona fide, job offer.

36. Moreover, NYPHL §§ 2782 and 2783 prohibited American from compelling Plaintiff to authorize the release of information pertaining to his HIV-positive status.

37. At no time was Plaintiff informed that he had passed through the criminal history phase of the hiring process.

38. Plaintiff was at all times qualified to perform the job of flight attendant.

39. On July 12, 2005, Plaintiff filed an administrative charge of discrimination against American with the EEOC.

40. On July 15, 2009, the EEOC issued a Determination finding "reasonable cause" that American had violated the ADA and stating that:

> [T]he Commission finds that [American] discriminated against [Plaintiff] . . . by failing to ensure that all non-medical information needed to make a bona fide conditional job offer had been obtained before it requested medical information from these individuals. Additionally, [Plaintiff] was not rehired because of his disability.

*See* Exhibit A at 2.

41. On June 14, 2010, the EEOC issued a "Right to Sue" letter. *See* Exhibit B.

42. As a consequence of American's discriminatory actions, Plaintiff has been unlawfully precluded from employment with American and, thereby, has been denied income and benefits, continuing opportunities for promotion, training, advancement, recognition, and increased compensation.

43. Defendant's act of wrongfully penalizing Plaintiff for nondisclosure of his HIV-positive status directly caused the damages he seeks to recover in this action.

44. Moreover, Plaintiff has sustained severe mental and emotional harm and distress.

45. The aforesaid acts and conduct by American, its agents and employees, were performed intentionally and with reckless indifference to Plaintiff's protected rights.

46. Despite due diligence, Plaintiff to date has been unable to find full-time, permanent employment.

## COUNT I

47. Plaintiff repeats and realleges paragraphs 1 through 46 as if fully set forth herein.

48. As a result of Defendant's aforesaid acts, Defendant discriminated against Plaintiff on account of his disability in violation of 42 U.S.C. § 12112(d) by penalizing him for failing to disclose his HIV-positive status during the medical examination process notwithstanding that this process was premature.

49. As a result of Defendant's discriminatory and adverse acts, Plaintiff has suffered damage, including, without limitation, deprivation of income and benefits, preclusion from employment, loss of opportunity for advancement and promotion, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life and damage to reputation and career.

## COUNT II

50. Plaintiff repeats and realleges paragraphs 1 through 49 as if fully set forth herein.

51. As a result of Defendant's aforesaid acts, Defendant discriminated against Plaintiff in violation of the ADA, 42 U.S.C. § 12112(a), by subjecting him to an adverse employment action because of his HIV-positive status.

52. As a result of Defendant's discriminatory and adverse acts, Plaintiff has suffered damage, including, without limitation, deprivation of income and benefits, preclusion from employment, loss of opportunity for advancement and promotion, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life and damage to reputation and career.

## COUNT III

53. Plaintiff repeats and realleges paragraphs 1 through 52 as if fully set forth herein.

54. As a result of Defendant's aforesaid acts, Defendant has discriminated against Plaintiff in violation of NYSHRL, N.Y. Exec. Law §§ 296(1)(a) and (d) by subjecting him to an adverse employment action because of his HIV-positive status and by making improper medical inquiries in connection with prospective employment.

## COUNT IV

55. Plaintiff repeats and realleges paragraphs 1 through 54 as if fully set forth herein.

56. As a result of Defendant's aforesaid acts, Defendant has discriminated against Plaintiff in violation of NYCHRL § 8-107(1)(a) by subjecting him to an adverse employment action because of his HIV-positive status.

57. As a result of Defendant's discriminatory and adverse acts, Plaintiff has suffered damage, including, without limitation, deprivation of income and benefits, preclusion from employment, loss of opportunity for advancement and promotion, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life and damage to reputation and career.

## COUNT V

58. Plaintiff repeats and realleges paragraphs 1 through 57 as if fully set forth herein.

59. Defendant violated NYPHL §§ 2782 and 2783, which prohibited it from compelling Plaintiff to authorize the release of information pertaining to his HIV-positive status.

60. As a result of Defendant's wrongful acts, Plaintiff has suffered damage, including, without limitation, deprivation of income and benefits, preclusion from employment, loss of

opportunity for advancement and promotion, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life and damage to reputation and career.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant judgment for Plaintiff and that it order and award Plaintiff the following relief against Defendant:

A. A declaration that the acts, policies, practices and procedures complained of herein violated Plaintiff's rights as secured by the ADA and the New York City Administrative Code;

B. An injunction (i) ordering Plaintiff reinstated to the highest position to which he was and would be entitled with salary, benefits, job responsibilities and other terms of employment commensurate with such position; and (ii) restraining and enjoining defendants from engaging in further discriminatory acts;

C. Damages in the form of (a) back pay with interest based on Plaintiff's appropriate compensation had he not been discriminated against, (b) front-pay and (c) reimbursement for lost pension, social security, experience, training opportunities and other benefits, in an amount to be shown at trial;

D. Compensatory damages for his emotional pain and suffering, inconvenience, mental anguish, humiliation, and loss of reputation in an amount not less than $1,000,000, liquidated and equitable damages in an amount to be determined at trial;

E. Punitive damages in an amount not less than $2,000,000;

F. Attorneys' fees;

G. Costs and disbursements;

H. Interest; and

I. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury.

Dated: New York, New York
       September 13, 2010

                                  BANTLE & LEVY LLP

                                  By: _____
                                      Lee F. Bantle (LB-7036)

                                  817 Broadway
                                  New York, New York 10003
                                  (212) 228-9666

                                  POHL LLP
                                  David M. Pohl (DP-8609)
                                  275 Madison Avenue, 14th Floor
                                  New York, New York 10016
                                  (212) 202-1614

                                  LEGAL ACTION CENTER
                                  Sally Friedman (SBF-3344)
                                  Paul N. Samuels (PNS-9531)
                                  225 Varick Street, 4th Floor
                                  New York, New York 10014
                                  (212) 243-1313

                                  *Attorneys for Plaintiff*

Case 1:10-cv-04178-ERK -RER   Document 1   Filed 09/13/10   Page 12 of 17



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New York Status Line: (866) 408-8075
New York Direct Dial: (212) 336-3630
TTY (212) 336-3622
FAX (212) 336-3625

In the matter of:

EEOC Charge No.: 160-2005-03443

**Charging Party**

[redacted]

**Respondent**
American Airlines
Box 619616, MD 5675
Dallas/Forth Worth Airport, TX 75216

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above-cited charge filed under the Americans with Disabilities Act, as amended ("ADA").

Charging Party alleges that Respondent's decision to deny him re-employment after it discovered that he failed to disclose information about medications he was taking was discriminatory and in violation of the ADA. Furthermore, Charging Party alleges that Respondent perpetuates a policy and practice whereby it requests medical information of candidates for hire or re-hire before Respondent has all necessary background information with which to make a conditional job offer. Thus, Charging Party alleges, Respondent is in violation of the ADA because it does not make a *bona fide* conditional job offer prior to requesting medical information from prospective and furloughed employees.

Respondent claims that its job offer is *bona fide* and is conditioned on an individual's passing the medical exam. Respondent claims that Charging Party was not rehired because he falsified company records when he misrepresented his disability and medications for the disability on the medical forms.

Contrary to Respondent's assertions, investigation revealed that between 2004 and 2006 Respondent simultaneously sought both non-medical background information and medical information from prospective and furloughed employees. The result of Respondent's policy and practice of requesting both types of information at the same time resulted in Respondent conducting medical inquiries of prospective and furloughed employees before a *bona fide* conditional offer of employment had actually been made, which violates the ADA.

Accordingly, the Commission finds that Respondent discriminated against Charging Party and other similarly situated individuals by failing to ensure that all non-medical information needed to make a bona fide conditional job offer had been obtained before it requested medical information from these individuals. Additionally, Charging Party was not rehired because of his disability.

Once the Commission determines that there is reasonable cause to believe that violations of one of the statutes it enforces have occurred, it shall endeavor to eliminate the unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of the matter.

Enclosed is an invitation to conciliate containing an outline of what the Commission is seeking to remedy the violation. Please review the invitation and respond accordingly.

If Respondent declines to discuss settlement, or when, for any reason, a settlement acceptable to the EEOC New York District Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

On Behalf of the Commission:

JUL 1 5 2009
_____
Date

_____
Spencer H. Lewis, Jr.
District Director

Case 1:10-cv-04178-ERK -RER   Document 1   Filed 09/13/10   Page 15 of 17



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New York Status Line: (866) 408-8075
New York Direct Dial: (212) 336-3630
TTY (212) 336-3622
FAX (212) 336-3625



Re:   EEOC Charge Number: 160-2005-03443
         ▮▮▮▮▮ v. American Airlines

Dear Mr. ▮▮▮▮▮:

The Commission has determined that it will not bring a lawsuit against the above named Respondent. The issuance of the enclosed Notice of Right to Sue under the Americans With Disabilities Act, as amended, concludes the processing of your charge by the Commission. If you decide to sue, you must file a lawsuit in Federal Court within 90 days of receipt of this letter and Notice of Right to Sue.

If you file suit, please forward a copy your court complaint to this office within 10 days. We can then preserve your file and consider your suit when taking other actions. If you have any questions regarding the legal remedies available to you as set out above, please contact the EEOC representative listed in he enclosed Notice of Right to Sue.

On Behalf of the Commission

Date: 6/14/2010

Spencer H. Lewis, Jr.
District Director
New York District Office

EEOC Form 161-A (11/09)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| To: [redacted] | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2005-03443 | Lawrence M. Angelo,<br>Investigator | (212) 336-3763 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, Jr.,
Director

6/14/2010
(Date Mailed)

Enclosures(s)

cc: Melissa Romig, Esq.
American Airlines
P.O. Box 619616, MD 5675
Dallas/Fort Worth Airport, TX 75261-9616